UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
|     Plaintiff, ) | |
| ) | Cause No. 4:15CR00003  CDP |
| vs. ) | |
| ) | |
| BRANDON FOSTER, ) | |
|     Defendant. ) | |

**DEFENDANT'S SENTENCING MEMORANDUM**

    COMES NOW Defendant, Brandon Foster, by and through his attorney, and files his Sentencing Memorandum requesting a downward departure and a variance from the United States Sentencing Guideline range.  In support of his requests, Defendant states the following:

**Procedural History and Relevant Facts**

    1. Defendant Brandon Foster, pleaded guilty one count of Felon In Possession of a Firearm and one count of Felon in Possession of Ammunition in violation of 18  U.S.C. §§922(g)(1) and 924 (a)(1).

    2.  The defendant pled guilty without benefit of a plea agreement on April 22, 2015.

    3.  The PSR has found that Mr. Foster is a level 30 criminal history category IV resulting in a guideline range of 135-168 months. . (PSR ¶¶ 75).

    4.  The defense has one unresolved objection that the defendant should be awarded the third point for acceptance of responsibility under §3E1.1(a).

    5.  If granted, the defendant's guideline range would be 121-151 months.

**Downward Departures**

6.  The defense is requesting that the Court should consider the following Downward Departure:

A.  Defendant requests that this Court grant a downward departure based on USSG §5H1.1 for age.  USSG §5H1.1.states that age, including youth, may be a relevant factor in determining whether a departure is warranted.  Mr. Foster was 22 years old at the time of the underlying offense.  Mr. Foster's age should be considered by this Court as a factor that warrants a downward departure.

**Variance under 18 USC §3553(a)**

8.  Defendant requests that this Court grant a variance under 18 USC §3553(a) and impose a non-guideline sentence. This Court can consider the nature and circumstances of the offense and the history and characteristics of the defendant when determining a that a sentences is sufficient, but not greater than necessary, to achieve the goals of 18 USC §3553(a).  The court should consider the following variances:

A. Mr. Foster's is a very young man.  He was barely 22 years old when this offense was committed.

B.  Mr. Foster is suffering from depression. (PSR 61).   His symptoms  include having sleep difficulties and he is currently prescribed Risperdal to treat this condition.

**Conclusion**

2

  If the Court sustains the defense objection to the PSR, Mr. Foster's should be awarded the third point for acceptance of responsibility under §3E1.1(a).  Then, the defendant's guideline range would be 121-151 months.  If not, the guideline range is 135-168 months.

 The defendant requests that the Court use a combination of downward departures and variances to find that 18 USC 3553(a), mandates that the defendant be sentenced to a term of imprisonment of between 80-100 months.  The defense requests that the sentence is concurrent to 11SL-CR08845-01 and 11Sl-CR00575-01.

 WHEREFORE Defendant Brandon Foster respectfully requests that this Court apply a downward departure and/or variance for any additional remedy that this Court deems just.

            Respectfully Submitted,

             /s/ David Bruns

            _____

            David Bruns #38665MO
            Attorney for Defendant
            225 South Meramec, Suite 301
            Clayton, MO 63105
            Phone:  314-832-0202
            Fax:  314-269-1042
            david@brunspc.com

         CERTIFICATE OF SERVICE

 I certify that a true copy of the above was served on the U.S. Attorney's Office via electronic e-mail on the above date.

             /s/ David Bruns

            _____