IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No.: 4:15 CR 3 CDP |
| | ) |
| KEENAN THOMAS, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT'S SENTENCING MEMORANDUM**

COMES NOW Defendant Keenan Thomas, by and through counsel, and respectfully submits the following memorandum for the Court's consideration at sentencing. Most of the § 3553(a) factors are discussed in the Defendant's Motion for Downward Variance. (DN 88) Therefore, the Defendant would like to use this memorandum to summarize his position on a number of sentencing issues before the Court.

### A. The Aggravated Assault on Law Enforcement Enhancement

The Defendant stands on his objection to the six level enhancement in Paragraph 35 for the alleged aggravated assault on a law enforcement officer under § 3A1.2(c)(1). However, after discussions with both Mr. Thomas and Counsel for the Government, it appears the parties may be able to agree to a compromise. While the Defendant does not believe his conduct rises to the level of an aggravated assault, he recognizes that his actions in attempting to flee from the agents could be viewed both as reckless and sufficiently dangerous to warrant a two level enhancement under § 3C1.2.

1

### B. The Armed Career Criminal Offense Level

The Defendant's objection to Paragraph 39 related to the issue of whether the burglary of the pawn shop is "a crime of violence" resulting in an offense level 34.   This objection is moot in light of the changes made in the Revised Final Presentence Investigation Report. (DN 94)

### C. Timely Acceptance of Responsibility

The Defendant believes a third level should be included in the acceptance of responsibility reduction in Paragraph 40.   Mr. Thomas "has assisted authorities in the investigation or prosecution of his own misconduct *by timely notifying authorities of his intention to enter a plea of guilty*, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently." § 3E1.1(b).   However, the guidelines allow the third level decrease "upon motion of the Government."   The Government has advised the Defendant that it does not intend to make such a motion and provided the basis for its refusal.   The Defendant does not agree with the Government's analysis on this issue.

### D. The Restitution Amount

The Defendant objected to the lack of documentation regarding the restitution amounts for the damage to the ATF vehicle and the pawn shop losses noted in Paragraphs 26 and 107.   The Revised Final PSR now includes the specific documented losses for pawn shop and its insurance company, and the Defendant withdraws his objection as to those losses.   However, ATF has provided no documentation on its $3,000 loss, and the Defendant stands on that part of his objection.

### E. The Sentencing Guideline Range

If a compromise is reached and approved on the reckless endangerment during flight enhancement, and the Court overrules the Defendant's objection regarding the third level for acceptance, the Defendant's total offense level would be 32 based on the following calculations:

| | |
|---|---|
| Base offense level | 20 |
| Number of guns | +6 |
| Stolen guns | +2 |
| Connection w/ a Felony | +4 |
| Reckless Endangerment | +2 |
| Adjusted Offense Level | 34 |
| Less Acceptance | -2 |
| **Total Offense Level** | **32** |

Mr. Thomas' sentencing guideline range at level 32 and criminal history category V would be 188-235 months imprisonment.   He would have a mandatory minimum sentence of 15 years under 18 U.S.C. § 924(e).

### F. MOTION FOR VARIANCE

As discussed in his motion for downward variance, Mr. Thomas' age at the time of the instant offense; his age at the time of his prior criminal offenses; his difficult childhood; lack of parental guidance; and the lack of third level reduction for his timely acceptance of responsibility, all justify imposing the statutory minimum sentence of 180 months in prison as a sentence sufficient, but not greater than necessary to achieve justice in this case.

Respectfully submitted,

THE WELBY LAW FIRM, LLC

*/S/ Stephen R. Welby*
STEPHEN R. WELBY, #42336MO
1221 Locust Street, 4th Floor
St. Louis, Missouri 63103
(314) 436-1888/ FAX (314) 436-1811
welbylawfirm@yahoo.com

**CERTIFICATE OF SERVICE**

I hereby certify that on September 2, 2015, the foregoing was electronically filed with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all counsel of record and emailed to the United States Probation Officer.

*/S/ Stephen R. Welby*